

# NIXON PEABODY LLP

#### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131

Direct Dial: (617) 345-1140
Direct Fax: (866) 560-0766
E-Mail: jconcepcion@nixonpeabody.com

March 23, 2005

**BY HAND**

Clerk's Office
U.S. District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

RE:    *DocuServe, Inc. v. Xerox Corporation, Civil Action No. 05-cv-10514-GAO*

Dear Sir or Madam:

Pursuant to Local Rule 81.1, attached herewith for docketing and filing on behalf of Defendant Xerox Corporation are certified copies of all records and proceedings in the state court and a certified copy of all docket entries in the state court.

If you have any questions, please contact me at the phone number above. Thank you.

Sincerely yours,

Juan Alexander Concepción

cc:    Jonathan Sablone, Esq. (w/ enclosures)

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • MANCHESTER, NH • MCLEAN, VA
NEW YORK, NY • ORANGE COUNTY, CA • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-00528

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 15th of February, in the year of our Lord, Two Thousand Five



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 22nd of March, in the year of our Lord, Two Thousand Five

*Anne M. Cherubino*
Deputy Assistant Clerk

MAS-20041213
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

03/22/2005
09:12 AM

# MICV2005-00528
# Docuserve, Inc v Xerox Corp

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/15/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 03/18/2005 | **Session** | E - Cv E (7B Cambridge) | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | |
| **Lead Case** | | **Track** | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 05/16/2005 | **Answer** | 07/15/2005 | **Rule12/19/20** | 07/15/2005 |
| **Rule 15** | 07/15/2005 | **Discovery** | 12/12/2005 | **Rule 56** | 01/11/2006 |
| **Final PTC** | 02/10/2006 | **Disposition** | 04/11/2006 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
Docuserve, Inc
Active 02/15/2005

**Private Counsel 644477**
Jennifer O'Brien
Davids & Schlesinger
40 Washington Street
Suite 250
Wellesley Hills, MA 02481
Phone: 781-416-5055
Fax: 781-416-5054
Active 02/15/2005 Notify

**Defendant**
Xerox Corp
Served: 02/23/2005
Served (answr pending) 02/23/2005

**Private Counsel 632998**
Jonathan Sablone
Nixon Peabody
101 Federal Street
Boston, MA 02110-2131
Phone: 617-345-1000
Fax: 345-1300
Active 03/18/2005 Notify

**Private Counsel 658908**
Juan A Concepcion
Nixon Peabody
100 Summer Street
Boston, MA 02110-2131
Phone: 617-345-1140
Fax: 866-560-0766
Active 03/18/2005 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/15/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 02/15/2005 | | Origin 1, Type A99, Track F. |
| 03/02/2005 | 2.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Xerox Corporation, with green receipt attached and signed.. |
| 03/18/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts  by deft Xerox Corp |
| 03/18/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

UNITED STATES DISTRICT COURT FILED
FOR THE     IN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

. 2005 MAR 18  P 12·16

U.S. DISTRICT COURT
DISTRICT OF MASS.

**#05- 528**

---

DOCUSERVE, INC.,

        **Plaintiffs,**

v.

XEROX CORPORATION,

        **Defendant.**

**05 – 10514 GAO**

CIVIL ACTION NO. 3-1805

    I hereby certify on 3-1805 that the
foregoing document is true and correct copy of the
☑ electronic docket in the captioned case
☐ electronically filed original filed on
☑ original filed in my office on 3-18-05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

MAGISTRATE JUDGE ___

---

## XEROX CORPORATION'S NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS:

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Xerox Corporation ("Xerox")
notifies the Court of the removal of the above-captioned cause of action from the
Commonwealth of Massachusetts, Superior Court Department, Middlesex County in which it is
now pending. In support of this Notice of Removal, Xerox states:

1. On or about February 17, 2005, Plaintiff filed a Complaint and Jury Demand
   ("Complaint") in the Commonwealth of Massachusetts, Superior Court Department,
   Middlesex County, captioned *DocuServe, Inc., Plaintiff, v. Xerox Corporation,
   Defendant*, Civil Action No. MICV2005-00528-E ("the state court action").

2. The Complaint, Summons, and Civil Action Cover Sheet were served on Xerox on
   February 23, 2005.

BOS1474644.1

3. The Complaint, Summons, and Civil Action Cover Sheet are the only pleadings filed in the state court action.

4. This Notice of Removal is being filed within thirty (30) days after the simultaneous service of the Complaint and Summons by DocuServe, Inc. and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

5. In accordance with Local Rule 81.1, Xerox will file with this Court attested copies of all records, proceedings and docket entries in the state court within thirty (30) days.

6. Plaintiff DocuServe, Inc. is, on information and belief, a Massachusetts corporation with its principal place of business in Marlborough, Massachusetts.

7. Xerox is incorporated under the laws of the State of New York, with its principal place of business in Stamford, Connecticut.

8. This is a breach of contract action in which Plaintiff alleges: Violation of Express Warranty; Violation of the Implied Warranty of Merchantability; Violation of the Implied Warranty of Fitness for a Particular Purpose; Negligent Misrepresentation; Intentional Misrepresentation; Violation of Mass. Gen. Laws ch. 231, § 85J; Violation of Mass. Gen. Laws ch. 93A; and Breach of Contract—Good Faith and Fair Dealing—by Xerox. (Complaint Counts I-VIII).

9. Without admitting, and expressly denying, the validity of Plaintiff's causes of action, the amount in controversy, based upon information and belief, exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy which exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11. This action may be removed to this Court, pursuant to 28 U.S.C. § 1441(a) which allows for the removal of any civil action brought in a state court of which the District Courts of the United States have original jurisdiction, by the defendant, to the District Court of the United States for the district and division embracing the place where such action is pending.

12. Xerox has provided notice of the removal of this action to Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, Middlesex County, by filing a "Notice of Removal" in the Commonwealth of Massachusetts, Superior Court Department, Middlesex County, and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

13. By this Notice of Removal, Defendant is not waiving, and expressly reserves, its rights to contest service of process, personal jurisdiction, venue, and sufficiency of the Complaint.

Respectfully Submitted,

XEROX CORPORATION

By its attorney,

Jonathan Sablone, BBO # 632998
Juan Alexander Concepción, BBO # 658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: March 18, 2005

## CERTIFICATE OF SERVICE

I, Juan Alexander Concepción, hereby certify that on the 18th day of March, 2005, I caused to be served a true copy of the within *Xerox Corporation's Notice of Removal* on the following as indicated below:

| BY: FIRST CLASS U.S. MAIL and FACSIMILE<br>Ronald Davids, Esq.<br>DAVIDS & SCHLESINGER, P.C.<br>40 Washington Street, Suite 250<br>Wellesley, Massachusetts  02481 | BY: HAND<br>Clerk of Courts<br>Middlesex Superior Court<br>40 Thorndike Street<br>Cambridge, MA 02141 |
|---|---|

_____
Juan Alexander Concepción

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
C.A. NO.:

## 05-0528

DOCUSERVE, INC., )
        Plaintiff )
         )
         )
v. )
         )
         )
XEROX CORP. )
        Defendant )
         )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR

FEB 15 2005

CLERK

## COMPLAINT AND JURY DEMAND

## PARTIES

1.    The plaintiff, DocuServe, Inc. ("DocuServe"), is a Massachusetts corporation with its principal place of business in Marlborough, Massachusetts.

2.    The defendant, Xerox Corp. ("Xerox") is a foreign corporation transacting business in Massachusetts with a usual place of business in Middlesex County.

4573E000002/15/05CIVIL    240.00
4573E000002/15/05SUR CHARGE    15.00
4573E000002/15/05SUMMONS    5.00
4573E000002/15/05SECC    20.00

## FACTS

3.    DocuServe is a commercial printing business that uses printing equipment to provide its services to clients.

4.    Xerox is a merchant who designs, manufactures, sells and leases printing equipment products to commercial printers and publishers.

5.    Due to the nature of DocuServe's business, it is required to use a machine to print jobs for its customers that has the ability to "change up" from 8.5x11 size copies to 2x18 size copies.

6.    In November of 2001, DocuServe negotiated a Lease for and installed a Xerox Docucolor 2045 at its facilities based on its understanding that the machine could change up as needed for DocuServe to perform its work.

7.  Within the first three months of the installation of the Xerox Docucolor 2045, DocuServe experienced significant down time due to poor quality and the inability of the machine to change up from 8.5x11 size copies to 2x18 size copies without excessive streaking and banding.

8.  In March of 2002, DocuServe requested that Xerox replace the machine pursuant to the "like for like" provision contained in the agreement.

9.  Recognizing the problems DocuServe was experiencing with the machine, in August of 2002, Xerox replaced the machine. However, within the first three months of the installation of the second machine, DocuServe again began to experience the same poor quality and again was unable to change up between paper sizes due to the streaking and banding.

10.  In January 2003, after attempting to fix the problem without success, Xerox replaced the second machine with a third machine. Again, there was no measurable quality improvement and DocuServe still was unable to change up from 8.5x11 size copies to 12x18 size copies without streaking and banding.

11.  In February of 2003 Xerox, again recognizing that the machine was not performing at an acceptable level, installed a fourth, additional machine, the Docucolor 6060, that was represented to be the "new and improved" version of the 2045. Although the quality was generally somewhat better than the 2045, the 6060 machine was also unable to change up from 8.5 x 11 to 12 x 18 without streaking and banding.

12.  Understanding that DocuServe could not continue to use a machine that could not change up without streaking and banding, in March of 2003 Xerox proposed yet another machine that they represented to be bigger and better than the Docucolor 6060; the Xerox iGen 3 ("the iGen"). DocuServe was expressly told by Xerox that the iGen would be able to handle DocuServe's volume reliably, surpass the quality that of the 6060 and, most importantly, change up from 8.5x11 to 12x18 without streaking and banding.

13.  Specifically, employees of Xerox represented to DocuServe employees that the iGen3 had a special feature; the iGen 3's fuser rollers oscillate to eliminate streaking, banding and roller marks caused by the other machines when changing up from 8.5x11 to 12x18.

14.  At the time Xerox proposed to install the iGen3, Xerox was informed by DocuServe and confirmed its understanding that DocuServe's principal requirement in the selection of a new machine was its capability to change up from 8.5x11 to 12x18 between run lengths of 50 to 100 impressions and Xerox expressly represented that the iGen3 had such capability. DocuServe further informed Xerox of its need to have a machine that would match colors on reprints.

15.  DocuServe looked at a number of machines in an effort to meet its needs and, ultimately decided to install two Heidelberg NexPress machines. This decision was based on a number of factors including but not limited to the difficulties it had with the previous machines supplied by Xerox, the limited track record that the iGen 3, the large space requirements that were required for the iGen3 by Xerox, the inability of the machine to pass an air quality test as required by Xerox, and the requirement by Xerox that DocuServe sign an "expectation document" that stated that the machine was not guaranteed to achieve better than 60% uptime and that the print quality would vary due potential "artifacts" that included streaking, banding, and spotting.

16.  In June of 2003, DocuServe signed an order with Heidelberg for the two NexPress machines. One of the NexPress machines was installed at DocuServe in June of 2003. It was contemplated that the second machine would be installed in December of 2003.

17.  In September of 2003 Xerox returned to DocuServe and made a new proposal for the iGen 3. The new proposal waived the previously required space allocations, the previously required passing of an air quality test and the previously required signing of the "expectation document."

18.  In reliance on the representations made by Xerox regarding Xerox's understanding of DocuServe's absolute requirement that the iGen3 be able to change up from 8.5x11 to 12x18 without streaking or banding and Xerox's express confirmation that the iGen 3 could meet this requirement, Xerox's waiver of its unacceptable requirements, and DocuServe's understanding that the machine would be able to perform with an "uptime" of 90%, DocuServe decided in October of 2003 to cancel its order with Heidelberg for the second machine.

19.  DocuServe then signed a new order with Xerox for an iGen 3 which was installed in November of 2003.

20.  The iGen3 provided to DocuServe by Xerox failed to perform as represented by Xerox. Specifically, the iGen3 was not able to "change up" without streaking or banding as required by DocuServe to perform jobs for its customers nor did it perform with an "uptime" of ninety percent (90%).

21.  At the time Xerox made its false representations to DocuServe that the rollers on the iGen3 oscillate and that the iGen3 is able to change up from 8.5x11 to 12x18 without streaking or banding, Xerox knew or should have known that those representations were false.

22.  From the time the iGen3 was installed at DocuServe until the present time, it has failed to perform at an acceptable level, has been out of service for more than a third of the time and has required extensive and numerous service calls to Xerox aimed, without success, at getting the machine to perform at an acceptable level.

3

23. As a result of the failure of the iGen3 to perform as represented by Xerox at the time it proposed the machine to DocuServe, DocuServe has been unable to meet its customer's needs in a timely manner, incurred great expense in producing the work for its customers in alternative ways and experienced significant employee morale problems as a result of having to deal with the iGen3 that is totally unreliable.

24. DocuServe has come to learn, upon information and belief, there are several other iGen3 machines in the field that are exhibiting similar problems to those experienced by DocuServe with the iGen3.

25. After all efforts by DocuServe to get Xerox to deal with the problems created by the iGen3 for a year proved to be fruitless, DocuServe, by and through its counsel, served a demand letter on Xerox, citing M.G.L. c. 93A (though not legally necessary as a prerequisite to a suit) in a good faith effort to resolve the problems caused by Xerox's misrepresentations and the machine's unacceptable performance. A true and accurate copy of the demand letter is attached hereto as Exhibit A.

26. In its demand letter, DocuServe demanded that Xerox take back the iGen3, release DocuServe from any further obligation under its lease agreement with Xerox and pay DocuServe $250,000.00 for its damages incurred to date.

27. Xerox has failed to agree to do any of the things Xerox requested in the letter.

28. As a result of the foregoing, DocuServe has been and continues to be damaged.

## COUNT I

### Breach of Contract – Express Warranty

29. DocuServe repeats and reiterates allegations 1 through 28 of the Complaint as if set forth at length herein.

30. Xerox made certain affirmations of fact and/or promises to DocuServe, as set forth above, that related to the iGen3 and became part of the basis of the bargain, thereby creating an express warranty that the machine would conform to the affirmations and/or promises made by Xerox.

31. In breach of the express warranty, the machine failed to conform to the affirmations and or promises made by Xerox.

32. As a direct result of Xerox's breach of the express warranty, DocuServe was damaged.

WHEREFORE, DocuServe demands:

    a)      that Xerox remove the iGen3 from DocuServe's premises;

    b)      that Xerox refund DocuServe all costs it expended in connection with the acquisition and use of the machine from Xerox;

    c)      that Xerox pay all other damages suffered by DocuServe, including attorneys fees and costs, incurred in pursuing this claim against Xerox;

    d)      that Xerox pay DocuServe for any other damages resulting from Xerox's breach that the Court deems just.

## COUNT II

### Breach of Contract – Implied Warranty of Merchantability

33.    DocuServe repeats and reiterates allegations 1 through 32 of the Complaint as if set forth at length herein.

34.    Xerox, as a merchant with respect to commercial printing equipment, was required to provide a machine to DocuServe that was fit for its ordinary purpose.

35.    In breach of the implied warranty of merchantability, Xerox provided DocuServe with a machine that was unfit its ordinary purpose.

36.    As a direct result of Xerox's breach of the implied warranty of merchantability, DocuServe was damaged.

WHEREFORE, DocuServe demands:

    a)      that Xerox remove the iGen3 from DocuServe's premises;

    b)      that Xerox refund DocuServe all costs it expended in connection with the acquisition and use of the machine from Xerox;

    c)      that Xerox pay all other damages suffered by DocuServe, including attorneys fees and costs, incurred in pursuing this claim against Xerox;

    d)      that Xerox pay DocuServe for any other damages resulting from Xerox's breach that the Court deems just.

## COUNT III

### Breach of Contract – Implied Warranty: Fitness for a Particular Purpose

37.  DocuServe repeats and reiterates allegations 1 through 36 of the Complaint as if set forth at length herein.

38.  At the time Xerox offered the iGen3 to DocuServe, Xerox knew the particular purpose for which the machine was required and that DocuServe was relying on Xerox's skill or judgment to select or furnish a suitable machine for that particular purpose.

39.  Xerox impliedly warranted that the machine was fit for its particular purpose.

40.  Xerox breached the implied warranty of fitness for a particular purpose by failing to disclose that the product could not perform as DocuServe required or expected and by providing DocuServe with a machine that was unfit for its particular purpose.

41.  As a result of Xerox's breach of the implied warranty of fitness for a particular purpose, DocuServe has been damaged.

WHEREFORE, DocuServe demands:

    a)    that Xerox remove the iGen3 from DocuServe's premises;

    b)    that Xerox refund DocuServe all costs it expended in connection with the acquisition and use of the machine from Xerox;

    c)    that Xerox pay all other damages suffered by DocuServe, including attorneys fees and costs, incurred in pursuing this claim against Xerox;

    d)    that Xerox pay DocuServe for any other damages resulting from Xerox's breach that the Court deems just.

## COUNT IV

### Negligent Misrepresentation

42.  DocuServe repeats and reiterates allegations 1 through 41 of the Complaint as if set forth at length herein.

43.  Good faith and fair dealing are implied in all contracts.

44.     Xerox, in the course of its business as a manufacturer/designer of printing machinery, made false representations to DocuServe regarding the capabilities of the machine to produce certain printing jobs for DocuServe's customers. Specifically, Xerox falsely represented that the iGen3's uptime would meet DocuServe's needs to service its customers properly, that the iGen3 would match colors on reprints and that the iGen3 would not leave roller marks on output when switching in sequence from 12 x 18 stock to 8.5 x 11 stock.

45.     Xerox failed to exercise reasonable care or competence in obtaining or communicating the false information regarding the machine to DocuServe.

46.     In justifiable reliance on such false and fraudulent representations, DocuServe agreed to acquire the iGen3 from Xerox.

47.     As a direct result of Xerox's false and fraudulent statements and DocuServe's justifiable reliance thereon, DocuServe has suffered pecuniary loss.

WHEREFORE, DocuServe demands:

a)     that Xerox remove the iGen3 from DocuServe's premises;

b)     that Xerox refund DocuServe all costs it expended in connection with the acquisition and use of the machine from Xerox;

c)     that Xerox pay all other damages suffered by DocuServe, including attorneys fees and costs, incurred in pursuing this claim against Xerox;

d)     that Xerox pay DocuServe for any other damages resulting from Xerox's breach that the Court deems just.

## COUNT V

### Intentional Misrepresentation

48.     DocuServe repeats and reiterates allegations 1 through 47 of the Complaint as if set forth at length herein.

49.     Xerox, in the course of its business as a manufacturer/seller of printing machinery, knowingly made false and fraudulent statements to DocuServe regarding the capabilities of the machine to produce certain printing jobs for DocuServe's customers. Specifically, Xerox falsely promised that the iGen3's uptime would meet DocuServe's needs to service its customers properly, that the iGen3 would match colors on reprints and that the iGen3 would not leave roller marks on output when switching in sequence from 12 x 18 stock to 8.5 x 11 stock.

57.    Xerox made such false representations to DocuServe regarding the capabilities of the machine for the purpose of inducing DocuServe to acquire the machine.

58.    In reliance on such false and fraudulent representations and believing them to be true, DocuServe agreed to acquire the iGen3 from Xerox.

59.    As a direct result of Xerox's false and fraudulent statements and DocuServe's reliance thereon, DocuServe has suffered damages.

60.    Xerox's conduct as described constitutes a violation of G.L.c.231, section 85J.

WHEREFORE, DocuServe demands that Xerox pay DocuServe treble the amount of damages it suffered, pursuant to G.L.c.231, section 85J, as well as its attorneys fees and costs in connection with this case.

## COUNT VII

### Violation of G.L.c. 93A

61.    DocuServe repeats and reiterates allegations 1 through 60 of the Complaint as if set forth at length herein.

62.    Xerox is a merchant subject to the provisions of G.L. c. 93A.

63.    Xerox's conduct as described constituted a violation of G.L.c.93A.

64.    As a direct result of Xerox's violation of G.L.c.93A, DocuServe has been damaged.

WHEREFORE, DocuServe demands that Xerox pay DocuServe treble the amount of damages it suffered, pursuant to G.L.c.93A, as well as its attorneys fees and costs in connection with this case.

## COUNT VIII

### Breach of Contract –Good Faith and Fair Dealing

65.    DocuServe repeats and reiterates allegations 1 through 64 of the Complaint as if set forth at length herein.

66.    Good faith and fair dealing are implied in all contracts.

67.    Neither party to a contract shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

68.  Xerox, as a merchant with respect to commercial printing equipment, agreed to provide DocuServe with printing equipment that would meet the needs of DocuServe and its customers.

69.  Xerox selected the machine for DocuServe pursuant to its agreement to provide DocuServe with printing equipment that would meet the needs of DocuServe's customers.

70.  In breach of the covenant of good faith and fair dealing, Xerox, with full knowledge of DocuServe's intended purpose for the machine and the machine's inability to meet those requirements, failed to disclose to DocuServe that the machine would not meet DocuServe's needs.

71.  As a direct result of Xerox's breach of the covenant of good faith and fair dealing, Xerox has destroyed DocuServe's right to receive the fruits of their agreement.

WHEREFORE, DocuServe demands:

a)  that Xerox remove the iGen3 from DocuServe's premises;

b)  that Xerox refund DocuServe all costs it expended in connection with the acquisition and use of the machine from Xerox;

c)  that Xerox pay all other damages suffered by DocuServe, including attorneys fees and costs, incurred in pursuing this claim against Xerox;

d)  that Xerox pay DocuServe for any other damages resulting from Xerox's breach that the Court deems just.

<u>JURY DEMAND</u>

DocuServe demands a trial by jury on all issues raised herein.

DOCUSERVE, INC.

By Its Attorneys,

DAVIDS & SCHLESINGER, P.C.

Ronald M. Davids
Jennifer A. O'Brien
40 Washington Street,
Suite 250
Wellesley, MA 02481
(781) 416-5055
BBO No.: 115110
BBO No.: 644477

DATED  2/11/05



EXHIBIT
A

# Davids & Schlesinger

Professional Corporation

## Counsellors At Law

December 10, 2004

CERTIFIED MAIL/
RETURN RECEIPT REQUESTED
#7004 1160 0004 8177 4271

Ms. Anne M. Mulcahy
Chairman and CEO
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Re:    DocuServe, Inc.
       iGen3 Performance Issues

Dear Ms. Mulcahy:

I have been retained to represent DocuServe, Inc. in connection with its acquisition of the above-referenced machine manufactured by your company. The machine has failed to work properly since it was installed last year. Amongst other things, there have been significant problems with the machine's ability to match colors on "reprints," the frequency and duration of machine cycle up and cycle down occurrences, exorbitant time necessary for prepress tasks, the existence of roller marks on output when switching in sequence from 12 x 18 stock to 8.5 x 11 stock, and part failures before expected yields can be achieved. These problems are all well known to your company as they were directly observed by Heidi Thatcher, Vincent McGrath and Karen Furst, amongst others. The downtime caused by these problems has been totally unacceptable to a company like DocuServe that relies on meeting the stringent time and quality demands of its clients. These problems have been reported consistently since the machine was first put into use and you and your agents, despite some effort on the part of Xerox, have failed entirely to correct the situation. For several months now, DocuServe has relied upon repeated assurances that the defects in the machine would be cured but it has now become clear that no one is able or willing to correct the deficiencies. To date, Sean Hickey, your Director of Sales has been responsible for rectifying the problems. However, he has been unable to do so.

Ms. Anne M. Mulcahy
Chairman and CEO
Xerox Corporation
Page 2

After meeting with DocuServe on October 21, 2004, Mr. Hickey put together a critical care memorandum and promised significant improvement by the end of November. He promised to be the direct focal point of communication and to immediately take the steps necessary to improve image quality, decrease artifacts and reduce "cycle up, cycle down" occurrences. It was understood that if this failed, the company would take back the machine. Notwithstanding his promise, Xerox not only failed to make significant improvements, it made no material improvements at all! Moreover, despite his assurances, Mr. Hickey did little to facilitate the improvements being made and, inexplicably, made no effort to communicate with DocuServe regarding the ongoing issues and the failure of Xerox to address them. Mr. Hickey's lack of follow through on the promises he had made has been extremely frustrating for DocuServe as well as the cause of additional harm to the company.

The failure by Xerox to provide a machine in good working order as represented and Mr. Hickey's inability and/or unwillingness to rectify the problems as required has constituted a direct breach of the express warranties you made in connection with your distribution of the machine, the implied warranty of merchantability and the implied warranty of fitness for a particular purpose under the Uniform Commercial Code. These breaches have caused DocuServe significant damages. Further, it has become clear that Xerox was well aware of the problems with this model machine yet failed to inform DocuServe, Inc. regarding its troubled history for the purpose of inducing DocuServe to acquire and pay for a machine that was not suitable for the intended use. Such unfair and deceptive business practices are expressly prohibited under Massachusetts General Law c. 93A. Accordingly, DocuServe would be entitled to up to three times the amount of the actual damages caused by these actions as well as attorneys' fees if it is required to litigate this matter.

Accordingly, DocuServe hereby makes a formal demand that Xerox take back the machine from DocuServe, Inc. release it from any further obligation to make payments under the financing agreement and make a cash settlement payment in the amount of $250,000. The machine will be available to be retrieved by you and your agents during business hours upon reasonable notice. Be advised that this demand is contingent on the matter being resolved now before further legal expense and time becomes necessary.

**Please consider this letter to be a formal demand, though not required, under Massachusetts General Law c. 93A.** A response is requested promptly. Should you fail to make a reasonable settlement offer, please be advised that DocuServe intends to pursue all of its legal remedies, including an award of double or treble its actual damages and reimbursement of all attorney's fees and costs necessary to pursue this matter. If required to file suit against your company, we will take whatever means are necessary, through subpoena, deposition and other available discovery methods to demonstrate that Xerox has experienced significant problems with the iGen3 in the field, that Xerox has failed to deal with these issues in a candid and responsible way and to document other customers of Xerox that have experienced similar problems. We are hopeful this will not be necessary but we are prepared to do what is necessary to obtain the appropriate result for DocuServe. Given the fact that there are in excess of 200

Ms. Anne M. Mulcahy
Chairman and CEO
Xerox Corporation
Page 3

similar machines in the U.S. alone that may be having similar issues (the details of which would certainly be germane to our claim), it is our belief that Xerox should be interested in trying to resolve this matter promptly, efficiently and in a way that would not permit other customers to become aware of the problems being experienced by DocuServe.

   I look forward to hearing from you promptly.

                              Very truly yours,

                              Ronald M. Davids


RMD/kj
cc:    DocuServe, Inc.

       Mr. Thomas J. Kane, Vice President, iGen 3 Program
        Xerox Corporation

       Mr. Terence Curtin, Vice President, Sales and Marketing
       Xerox Corporation

       Mr. Amato De Civita, Vice President & General Manager
       Xerox Corporation

| CIVIL ACTION COVER SHEET | 05-0528 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
| --- | --- | --- |

| PLAINTIFF(S) DocuServe, Inc. | DEFENDANT(S) Xerox Corp. |
| --- | --- |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-416-5055 Ronald M. Davids, Davids & Schlesinger 40 Washington Street, Suite 240 Wellesley, MA 02481 Board of Bar Overseers number: 115110 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| --- | --- | --- | --- |
| A99 | Misrepresentation in lease of equipment | ( F ) | (X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................ $ ..............
2. Total Doctor expenses ................................. $ ..............
3. Total chiropractic expenses ........................... $ ..............
4. Total physical therapy expenses ....................... $ ..............
5. Total other expenses (describe) ....................... $ ..............

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR MIDDLESEX FEB 15 2005 CLERK

B. Documented lost wages and compensation to date .......... Subtotal $ ..............
C. Documented property damages to date ..................... $ ..............
D. Reasonably anticipated future medical and hospital expenses ... $ ..............
E. Reasonably anticipated lost wages ....................... $ ..............
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)    $ ..............

$ ..............
TOTAL $ ..............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The defendant, Xerox Corp. provided a machine to DocuServe, Inc. based on misrepresentations regarding its capabilities and the machine has failed to perform as necessary.

To Be
TOTAL $ Determined

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                    DATE: 2/11/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                    Civil Action No. 05-00305-F

```
                                      )
A.W. FARRELL ASSOCIATES, LLP          )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )
                                      )
JOHN HADDON                           )
                                      )
          Defendant.                  )
                                      )
```

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS

2005

CLERK

## MOTION FOR SPECIAL PROCESS SERVER

Plaintiff, A.W. Farrell Associates, LLP, hereby moves this Court, pursuant to Mass. R.

Civ. P. 4(c), for the appointment of Dewsnap & Associates at P.O. Box 4538, Boston, MA 02101

as special process servers in this matter.  As grounds in support of this Motion, Plaintiff states

that the appointment of Dewsnap & Associates will facilitate the service of process in this

matter.  Plaintiff represents to the Court that Dewsnap & Associates is not a party to this action

and its process servers are not less than 18 years of age.

Respectfully submitted,

A.W. Farrell Associates, LLP
By its attorneys,

Michael R. Perry (BBO #555300)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400

DATED: March _, 2005
424570

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX. SS.

SUPERIOR COURT
C.A. NO.: 05-0528

```
_____
DOCUSERVE, INC.,              )
              Plaintiff       )
                              )
v.                            )
                              )
XEROX CORP.                   )
              Defendant    )
_____
```

### AFFIDAVIT OF SERVICE UNDER
### THE LONG ARM STATUTE

I, Ronald M. Davids, counsel for the Plaintiff, DocuServe, Inc., do hereby affirm that I have served upon XEROX CORPORATION, 800 Long Ridge Road, Stamford, CT 06904 the Summons and Complaint in the above matter by causing the same to be mailed by certified mail, return receipt requested, in accordance with Chapter 223A, Section 6 of the General Laws. The Summons and Long Arm Service Letter are attached as Exhibit A. The original United States Postal Service return receipt reflecting delivery on February 23, 2005, is attached as Exhibit B.

Signed under the pains and penalties of perjury this ___ day of March, 2005.

DOCUSERVE, INC.

By Its Attorneys,

DAVIDS & SCHLESINGER, P.C.

Ronald M. Davids
Jennifer A. O'Brien
40 Washington Street,
Suite 250
Wellesley, MA 02481
(781) 416-5055
BBO No.: 115110
BBO No.: 644477

A

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

................ **MIDDLESEX** ...... ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 05-0528

DocuServe, Inc.
........................................... Plaintiff(s)

v.

Xerox Corp.
............................... Defendant(s)

### SUMMONS

**To the above-named Defendant:**  Xerox Corp.

    You are hereby summoned and required to serve upon  Ronald M. Davids,..............
Davids & Schlesinger, plaintiff's attorney, whose address is 40 Washington Street,
Suite 250, Wellesley, MA 02481........ an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .Cambridge....

.................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

    Witness,  **Barbara J. Rouse**  Esquire, at ..........Cambridge.............................

the .....17th.................................................day of .....February.....................

.....................in the year of our Lord ~~one thousand nine hundred and~~  2005

_Edward J Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. —001



# Davids & Schlesinger

Professional Corporation

### Counsellors At Law

February 17, 2005

VIA CERTIFIED MAIL/
RETURN RECEIPT REQUESTED
#7004 1160 0004 8177 4301

Ms. Anne M. Mulcahy
Chairman and CEO
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Re:    DocuServe, Inc. v. Xerox Corp.
       <u>Middlesex Superior Court  Civil Action 05-0528</u>

Dear Ms. Mulcahy:

Enclosed please find a copy of Summons, Complaint, DocuServe's First Sets of Interrogatories and Requests for Documents to Xerox Corp., which are hereby served upon Xerox Corp. under the Massachusetts Long Arm Statute, MGLA ch. 223A.

Very truly yours,

Ronald M. Davids

RMD/ko
Enclosure
cc:    Mr. Terrence O'Grady (via fax)
       DocuServe, Inc. (via fax)

40 WASHINGTON STREET • SUITE 250 • WELLESLEY, MASSACHUSETTS 02481
TELEPHONE (781) 416-5055 • FAX (781) 416-4344 • www.davids-schlesinger.com

**B**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ed Conolon_    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

Ed Conlon    2/23/05

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

Ms. Anne M. Mulcahy
Chairman and CEO
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0004 8177 4301

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

STAMFORD, CT 06904

| | | |
|---|---|---|
| Postage | $ 1.29 | UNIT ID: 0162 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: K0GFX4 |
| Total Postage & Fees | $ 5.34 | 02/17/05 |

Sent To Anne Mulcahy, Xerox Corp
Street, Apt. No.; or PO Box No. 800 Long Ridge Road
City, State, ZIP+4 Stamford, CT 06904

PS Form 3800, June 2002    See Reverse for Instructions

7004 1160 0004 8177 4301