UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOCUSERVE, INC.<br><br>        Plaintiff<br><br>v.<br><br>XEROX CORPORATION,<br><br>        Defendant | CIVIL ACTION NO. 05-CV-10514-GAO |

## ANSWER

Pursuant to Fed.R.Civ.P. 8, Defendant, Xerox Corporation ("Xerox"), hereby answers the Complaint of Plaintiff, DocuServe, Inc. ("DocuServe"), as follows:

1.    Xerox admits the allegations contained in paragraph 1 of the complaint.

2.    Xerox admits the allegations contained in paragraph 2 of the complaint.

3.    Xerox admits the allegations contained in paragraph 3 of the complaint.

4.    Xerox denies the allegations contained in paragraph 4 of the complaint, except admits that Xerox designs, manufactures, sells and leases printing equipment products to commercial printers and publishers.

5.    Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admits that DocuServe leased from Xerox a Docucolor 2045 in or about November 2001.

7.    Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

R855125.1

8. Xerox admits the allegations contained in paragraph 8 of the complaint.

9. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, except admits that, in August 2002, Xerox installed a replacement Docucolor 2045.

10. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, except admits that, in January 2003, Xerox installed a replacement Docucolor 2045.

11. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, except admits that, in February 2003, Xerox installed a Docucolor 6060.

12. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, except admits that, in March 2004, Xerox discussed with DocuServe the possibility of leasing a DocuColor iGen3 Digital Production Press ("iGen3").

13. Xerox denies the allegations contained in paragraph 13 of the complaint, except admits that the iGen3 has oscillating fuser rollers.

14. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, except denies that the iGen3 was unable to pass an air quality test, and admits that Xerox maintained space requirements for installation of the iGen3, and that Xerox requires customers to sign an acknowledgement that

they have reviewed a customer expectations document. Xerox states that the customer expectations document speaks for itself.

16. Xerox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Xerox denies the allegations contained in paragraph 17 of the complaint, except admits that, in or about September 2003, the parties discussed the possibility of DocuServe leasing from Xerox an iGen3.

18. Xerox denies the allegations contained in paragraph 18 of the complaint.

19. Xerox denies the allegations contained in paragraph 19 of the complaint, except admits that, DocuServe entered into an agreement to lease an iGen3 and that the equipment was installed in or about November 2003.

20. Xerox denies the allegations contained in paragraph 20 of the complaint.

21. Xerox denies the allegations contained in paragraph 21 of the complaint.

22. Xerox denies the allegations contained in paragraph 22 of the complaint.

23. Xerox denies the allegations contained in paragraph 23 of the complaint.

24. Xerox denies the allegations contained in paragraph 24 of the complaint.

25. Xerox denies the allegations contained in paragraph 25 of the complaint, except admits that counsel to DocuServe sent a letter to Xerox which speaks for itself.

26. Xerox denies the allegations contained in paragraph 26 of the complaint, except admits that DocuServe transmitted a demand letter to Xerox, which speaks for itself.

27. Xerox denies the allegations contained in paragraph 27 of the complaint.

28. Xerox denies the allegations contained in paragraph 28 of the complaint.

29. In response to paragraph 29, Xerox repeats and realleges its responses to paragraphs 1 through 28.

30. Xerox denies the allegations contained in paragraph 30 of the complaint.

31. Xerox denies the allegations contained in paragraph 31 of the complaint.

32. Xerox denies the allegations contained in paragraph 32 of the complaint.

33. In response to paragraph 33 of the complaint, Xerox repeats and realleges its responses to paragraphs 1 through 32.

34. Xerox denies the allegations contained in paragraph 34 of the complaint.

35. Xerox denies the allegations contained in paragraph 35 of the complaint.

36. Xerox denies the allegations contained in paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, Xerox repeats and realleges its response to paragraphs 1 through 36.

38. Xerox denies the allegations contained in paragraph 38 of the complaint.

39. Xerox denies the allegations contained in paragraph 39 of the complaint.

40. Xerox denies the allegations contained in paragraph 40 of the complaint.

41. Xerox denies the allegations contained in paragraph 41 of the complaint.

42. In response to paragraph 42 of the complaint, Xerox repeats and realleges its response to paragraphs 1 through 41.

43. Paragraph 43 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 43 are denied.

44. Xerox denies the allegations contained in paragraph 44 of the complaint.

45. Xerox denies the allegations contained in paragraph 45 of the complaint.

46. Xerox denies the allegations contained in paragraph 46 of the complaint.

47. Xerox denies the allegations contained in paragraph 47 of the complaint.

48. In response to paragraph 48 of the complaint, Xerox repeats and realleges its response to paragraphs 1 through 47.

49. Xerox denies the allegations contained in paragraph 49 of the complaint.

50. Xerox denies the allegations contained in paragraph 50 of the complaint.

51. Xerox denies the allegations contained in paragraph 51 of the complaint.

52. Xerox denies the allegations contained in paragraph 52 of the complaint.

53. Xerox denies the allegations contained in paragraph 53 of the complaint.

54. In response to paragraph 54 of the complaint, Xerox repeats and realleges its response to paragraphs 1 through 53.

55. Xerox denies the allegations contained in paragraph 55 of the complaint.

56. Xerox denies the allegations contained in paragraph 56 of the complaint.

57. Xerox denies the allegations contained in paragraph 57 of the complaint.

58. Xerox denies the allegations contained in paragraph 58 of the complaint.

59. Xerox denies the allegations contained in paragraph 59 of the complaint.

60. Xerox denies the allegations contained in paragraph 60 of the complaint.

61. In response to paragraph 61 of the complaint, Xerox repeats and realleges its response to paragraphs 1 through 60.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 62 are denied.

63. Xerox denies the allegations contained in paragraph 63 of the complaint.

64. Xerox denies the allegations contained in paragraph 64 of the complaint.

65. In response to paragraph 65 of the complaint, Xerox repeats and realleges its responses to paragraphs 1 through 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 66 are denied.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in paragraph 67 are denied.

68. Xerox denies the allegations contained in paragraph 68 of the complaint.

69. Xerox denies the allegations contained in paragraph 69 of the complaint.

70. Xerox denies the allegations contained in paragraph 70 of the complaint.

71. Xerox denies the allegations contained in paragraph 71 of the complaint.

Xerox denies each and every other allegation not specifically admitted or controverted herein, including each and every separate paragraph of the "Wherefore" clauses contained in the complaint.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiff has sustained any damages, which defendant denies, those alleged losses were not directly or proximately caused by any action or inaction alleged in the complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiff has sustained any damages, which defendant denies, plaintiff has contributed in a direct and proximate manner to its damages by failing to act reasonably and prudently to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

The defendants at all times acted in good faith and with a proper business purpose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state the circumstances purportedly constituting fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred because any alleged misrepresentations or omissions were not material.

## SEVENTH AFFIRMATIVE DEFENSE

Xerox has substantially performed its obligations under any and all agreements with plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no legally cognizable damage by virtue of any actions alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Chapter 93A claim is barred because the actions complained of did not occur primarily and substantially within the Commonwealth of Massachusetts.

## TENTH AFFIRMATIVE DEFENSE

Defendants assert all of their affirmative defenses that may be revealed during the course of discovery in this action.

XEROX DEMANDS A TRIAL BY JURY ON ALL OF PLAINTIFF'S CLAIMS TO WHICH THERE IS A RIGHT TO JURY TRIAL.

WHEREFORE, defendant Xerox Corporation respectfully requests that this Court:

    A.    Dismiss the Complaint in its entirety with prejudice;

    B.    Enter judgment in Xerox's favor and against DocuServe;

    C.    Award defendant Xerox Corporation its costs and fees associated with this action, including reasonable attorneys' fees; and

    D.    Grant such other and further relief as to the Court may seem just and proper.

    Respectfully submitted,

/s/ Jonathan Sablone (BBO No. 632998)
Juan A. Concepcion (BBO No. 658908)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: September 14, 2005